UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ESTRELLA,

    Plaintiff,

vs.                                                        Case No.: 8:14-cv-103-T-24EAJ

CLIENT SERVICES, INC,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant Client Services, Inc.'s ("CSI") Motion for Sanctions and Plaintiff Thomas Estrella's Motion for Sanctions. (Dkts. 19, 21). The parties oppose each other's respective motions for sanctions. (Dkts. 21-22).

**I.    BACKGROUND**

On January 15, 2014, Plaintiff initiated this litigation and asserted that CSI violated the federal Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collections Practices Act ("FCCPA"). (Dkt. 1). Plaintiff alleged: CSI is a debt collection company that was attempting to collect a debt from Plaintiff; CSI used an auto-dialer to place phone calls to Plaintiff's cell phone; and CSI persisted in contacting Plaintiff after receiving Plaintiff's instructions that all future communications must be in writing. *Id*.

On March 20, 2014, the Court granted CSI's motion for a more definite statement, and Plaintiff filed an amended complaint clarifying his TCPA and FCCPA claims. (Dkts. 11, 12). On April 28, 2014, the Court granted in part and denied in part CSI's motion to dismiss, and Plaintiff responded with a second amended complaint. (Dkts. 15-16). Neither the first nor second

amended complaints substantively altered Plaintiff's claims. (Dkt. 12; Dkt. 16).

On May 13, 2014, the Court directed Plaintiff to show cause by written response by May 19, 2014 why this case should not dismissed for lack of prosecution for failure to file a case management report within the time limits established by the Local Rules. (Dkt. 17). On May 20, 2014, after Plaintiff failed to either file a case management report or respond to the Court's show cause order, the Court dismissed the case without prejudice for want of prosecution. (Dkt. 18).

On May 21, 2014, CSI filed a motion for sanctions. (Dkt. 19). In his response in opposition filed on May 24, 2014, Plaintiff asserted that CSI's motion for sanctions was meritless and itself justified the imposition of sanctions against CSI. (Dkt. 21).

**II.   STANDARD OF REVIEW**

In relevant part, Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, . . . an attorney. . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). Rule 11(c) in turn permits a court to impose sanctions for a violation of Rule 11(b). In assessing the propriety of imposing sanctions, courts undertake a two step inquiry. First, a court "must determine whether a party's claims are objectively frivolous in view of the facts or law." *Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 965 (11th Cir. 2011) (internal quotation marks omitted). If a court finds that claims are objectively frivolous, then the

court asks, based upon objective standards of reasonableness, whether "the person who signed the pleading should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Id.* at 965 (internal quotation marks omitted).

### III.    CSI'S MOTION FOR SANCTIONS

CSI contends that sanctions are warranted because Plaintiff and his counsel acquired information after filing the initial complaint apprising them that Plaintiff's TCPA claim was without factual support. CSI correctly points out that Rule 11 imposes a continuing responsibility on litigants and their attorneys after commencing litigation. Specifically, Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention." Fed. R. Civ. P. 11 advisory committee note; *see also Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (discussing the "the continuing nature of a litigant's responsibility under Rule 11").

Plaintiff's TCPA claim was brought under 47 U.S.C. § 227(b)(1)(A)(iii), which in relevant part, provides:

> It shall be unlawful for any person within the United States . . .
> **(A)** to make any call . . . using any automatic telephone dialing system . . .
> **(iii)** to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

The TCPA defines "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator . . . and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

CSI has filed two declarations made by two of its employees, which assert that: CSI

Page 3

maintained two separate phone systems, which operate independently from one another; one of the systems was unable to store or dial telephone numbers and was consequently not an "automatic telephone dialing system" under the TCPA; and its call records demonstrate that only this system was used to place calls to Plaintiff. (Dkt. 19-1 at ¶¶ 13-14; Dkt. 19-2 at ¶¶ 5-9). CSI asserts that Plaintiff and his counsel received these declarations and consequently learned that Plaintiff's TCPA claim was without merit because no "automatic telephone dialing system" was used to place calls to Plaintiff. (Dkt. 19 at 5).

The Court does not find that Plaintiff's continued pursuit of his TCPA claim warrants the imposition of sanctions under Rule 11. CSI concedes that one of its telephone systems was an "automatic telephone dialing system" under the TCPA. Even if Plaintiff indeed received the declarations attesting that CSI did not utilize this system to contact Plaintiff, Plaintiff was certainly not required to assume the truthfulness of declarations made by two CSI employees given that CSI has an obvious stake in the outcome of this litigation. CSI's argument would compel a plaintiff to dismiss a claim upon receipt of unfavorable evidence from a defendant. At minimum, notwithstanding the Court's dismissal of this case for want of prosecution, Plaintiff would have been permitted an opportunity through discovery to clarify which system was used to place the calls. Accordingly, Plaintiff's pursuit of his TCPA claim after receiving the declarations was not objectively frivolous and does warrant the imposition of Rule 11 sanctions. *Boone*, 447 F. App'x at 965**.** CSI's motion for sanctions is therefore **DENIED.**

### IV.    PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff contends that sanctions should be imposed against CSI for its misuse of Rule 11. Specifically, Plaintiff contends that CSI improperly threatened the use of a Rule 11 motion to

dissuade Plaintiff from pursuing his claims by "strong arming" Plaintiff into dismissing this litigation. Rule 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Plaintiff has failed to show that he served the motion for sanctions on CSI 21 days before filing it with the Court. The certificate of service attached to the motion provides that it was served on May 24, 2014, the same day it was filed with the Court. *Id.* Additionally, given that Plaintiff's only argument in support of sanctions is that CSI's motion, filed on May 21, 2014, was improper, Plaintiff's motion, filed only three days later, could not have complied with Rule 11's prescribed 21 day waiting period. (Dkts; 19, 21). Accordingly, Plaintiff's motion for sanctions is **DENIED.**

For the reasons stated above, it is **ORDERED AND ADJUDGED** that:

1. CSI's Motion for Sanctions (Dkt. 19) is **DENIED.**

2. Plaintiff's Motion for Sanctions (Dkt. 21) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 9th day of June, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record